IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RIO VERDE PLANTAS, LLC**, a Colorado limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>**O&S HOLDINGS, LLC**, a Missouri limited liability company; and **TORY SCHWOPE**, an individual,<br><br>        Defendants,<br><br>    and<br><br>**RIO VERDE HOLDINGS, LLC**, an Oregon limited liability company,<br><br>        Nominal Defendant. | Case No. 3:25-cv-00098-JR<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

Craig G. Russillo and Jessica Zerpoli, Schwabe, Williamson & Wyatt, P.C., 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204; and K. Jamie Buechler, Buechler Law Office, LLC, 999 18th Street, Suite 1230, Denver, CO 80202. Attorneys for Plaintiff.

Christopher K. Dolan and Steven L. Shropshire, Jordan Ramis PC, 1211 SW Fifth Avenue, 27th Floor, Portland, OR 97204. Attorneys for Defendants.

Oren B. Haker, Britta E. Warren and Elli M. Tillotson, Black Helterline LLP, 805 SW Broadway, Suite 1900, Portland, OR 97205. Attorneys for creditors and interested parties American AgCredit, ACA, American AgCredit, FLCA, and American AgCredit, PCA.

PAGE 1 – ORDER

**IMMERGUT, District Judge.**

This Court has reviewed de novo the portion of the Findings and Recommendation ("F&R") to which the Defendants and the interested parties objected. For the following reasons, the Court ADOPTS Magistrate Judge Russo's F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

In a diversity action such as this, federal law governs the appointment of a receiver. *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009). The Ninth Circuit has cautioned that "appointing a receiver is an extraordinary equitable remedy, which should be applied with caution." *Id.* at 844–45 (citation omitted); *see also Bracco v. Lackner*, 462 F. Supp. 436, 456 (N.D. Cal. 1978) ("Receivership is a remedy of last resort."). Although there is "no precise formula for determining when a receiver may be appointed," the Ninth Circuit has identified "a host of relevant factors," including:

> (1) whether the party seeking the appointment has a valid claim;
> (2) whether there is fraudulent conduct or the probability of
>     fraudulent conduct by the defendant; (3) whether the property is in

PAGE 2 – ORDER

> imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the probability of irreparable injury to plaintiff's interest in the property; and (7) whether the plaintiff's interests sought to be protected will in fact be well-served by receivership.

*Canada Life*, 563 F.3d at 844 (cleaned up); *see also Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316–17 (8th Cir. 1993) (articulating a similar list of factors); Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.) (similar). The Ninth Circuit has also suggested that courts should consider "whether the property was of insufficient value to insure payment, and whether the defendant was of doubtful financial standing." *Canada Life*, 563 F.3d at 844 (citing *View Crest Garden Apartments, Inc. v. United States*, 281 F.2d 844, 847 (9th Cir. 1960)). Of these factors, the most important "are the adequacy of the security and the financial position of the mortgagor." *N.Y. Life Ins. Co. v. Watt W. Inv. Corp.*, 755 F. Supp. 287, 292 (E.D. Cal. 1991). No single factor is dispositive, and the Ninth Circuit has recognized that a court may appoint a receiver "regardless of these factors." *Canada Life*, 563 F.3d at 845. The party seeking the receiver bears the burden of showing that the receiver is necessary. *Sterling Sav. Bank v. Citadel Dev. Co.*, 656 F. Supp. 2d 1248, 1262 (D. Or. 2009).

## DISCUSSION

Both Defendants and the creditors have filed objections to the F&R. ECF 42, 43. Defendants object that there is "an almost total lack of admissible evidence" of fraud, ECF 43 at 2, and suggest that the proposed receiver will not be independent of Plaintiff, *id.* at 4. The creditors object that appointing a receiver over the nominal defendant in this action would have a detrimental effect on their rights, pointing to a web of cross-collateralization and cross-default agreements with other borrowers. ECF 42 at 10–12.

PAGE 3 – ORDER

**A. Defendants' Objections**

Defendants raise two objections to the F&R. First, Defendants challenge Judge Russo's finding that "the record reflects the probability of fraudulent conduct by defendants," F&R, ECF 40 at 10, arguing that there is little evidence of fraudulent conduct such that the second *Canada Life* factor should not support appointment of a receiver. Defendants' Objections, ECF 43 at 2–3.

This Court agrees with Defendants that the record is not sufficiently developed to determine whether Defendants engaged in fraudulent conduct. Even accepting Defendants' version of events, however, this Court finds that the second and third factors favor the appointment of a receiver under the circumstances of this case. Plaintiff levies credible allegations of possible fraud against Defendants. *See* ECF 22-8, Ex. 8; Declaration of Tim Beall, ECF 35 ¶¶ 6–7; Declaration of Amanda Lehmann, ECF 36 ¶ 3. Defendants dispute each of these allegations of fraud, *see* Declaration of Tory Schwope, ECF 26 ¶ 27, and contend that Plaintiff and its owner have "initiated an all too clever plan to initiate a hostile takeover" of Rio Verde Holdings. Defendants' Objections, ECF 43 at 2. Defendants also state that Plaintiff and its owner were the primary barrier to completion of an audit and have recently, "for reasons unknown," withdrawn the balance of Rio Verde Holdings' payroll account before subsequently paying it back. Declaration of Tory Schwope, ECF 44 ¶¶ 5, 9.

At this stage, this Court need not determine who is telling the truth. Both Plaintiff and Defendants point to movements of money out of the business. The second and third *Canada Life* factors, which go to the probability of fraud and the danger that the property may be lost, concealed, injured, diminished in value, or squandered, respectively, would support the appointment of a receiver regardless of whether Plaintiff is or Defendants are ultimately found to be the bad actor. There is ongoing misconduct by *someone*, which weighs in favor of a court-appointed neutral receiver to oversee the business until the Court can determine who is at fault.

On that point, Defendants contend that Plaintiff and its owner have engaged in a plan to take over Rio Verde Holdings, pointing to a letter from Plaintiff's owner that refers to his taking "full control" of the company. Letter to Holdings Employees, ECF 44-2, Ex. 2. Defendants have also submitted a document titled "Rio Verde Nursery Receivership," which sets out steps that Plaintiff purportedly plans to take once in control of the company. ECF 44-1, Ex. 1. Based on these documents, Defendants suggest that Plaintiff's proposed receiver would not be independent. Defendants' Objections, ECF 43 at 4–5.

The receiver is an "officer of the court," *Booth v. Clark*, 58 U.S. 322, 331 (1854), appointed as an "indifferent person . . . for the benefit of all parties who may establish rights in the cause," *Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 370–71 (1908). Defendants point to concerning behavior by Plaintiff's owner and some affiliated persons, but do not directly challenge the qualifications or impartiality of the proposed receiver. The proposed receiver submitted a declaration stating that he has no connection to any of the parties to this action. Declaration of Gene Buccola, ECF 23 ¶¶ 7–9. He appears to have prior experience that would enable him to capably serve in the neutral role that a receivership requires. *Id.* ¶¶ 2–4. Defendants' objection on this point therefore appears to be premature. If the receiver proves to lack impartiality, Defendants may raise that issue before the Court at the appropriate time by moving to terminate the receivership.

**B. Creditors' Objections**

Several American AgCredit entities (collectively, "American AgCredit" or "Creditors")[1] have also filed objections to the F&R as "creditors and interested parties." ECF 42. Creditors have extended substantial loans to various entities associated with Matt Edmundson, the owner

---

[1] The American AgCredit entities involved in this action are American AgCredit, ACA, American AgCredit, FLCA, and American AgCredit, PCA.

of Plaintiff Rio Verde Plantas, LLC. *See* Declaration of Jacob Bingham, ECF 29 ¶ 4. The loans to these entities, which include Plaintiff and Rio Verde Holdings, LLC, among other businesses, are stitched together in a web of cross-collateralization and cross-default agreements. *See* Response to Motion for Appointment of Receiver, ECF 27 at 3–4. Creditors are concerned that imposing a receivership over one component of that network will limit their ability to enforce their rights as to all of the borrowers. Creditors' Objections, ECF 42 at 5.

      As a preliminary matter, it is not clear how to weigh American AgCredit's arguments. American AgCredit is not a party to this litigation and has not intervened. *Cf., e.g.*, *Giancaspro v. Network Travel Experiences, Inc.*, No. CV 22-5745, 2022 WL 19569513, at *4–*5 (C.D. Cal. Nov. 3, 2022) (granting creditor's motion to intervene to oppose the appointment of a receiver). Courts "rarely give[] party prerogatives to those not formal parties," *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982), and it is unclear what weight to give a non-party's interests under the *Canada Life* factors. *See Canada Life*, 563 F.3d at 844 (referring to "the defendant" and "the party opposing appointment" (citation omitted)). Nonetheless, the F&R addresses American AgCredit's arguments as if it were a party, so this Court will likewise consider its objections to the F&R.

      Those objections center on the fifth *Canada Life* factor, which weighs the harm to the plaintiff by denial of the appointment against the injury to the parties opposing appointment. Creditors contend that the F&R fails to adequately account for its interests, which it contends would be substantially impaired by the appointment of a receiver. Creditors point out that the agreements between the entities "would impair AAC's ability to enforce its rights and remedies with respect to the other defaulted loans given." Creditors' Objections, ECF 42 at 10–11.

Creditors are correct that a receivership could potentially cause some injury to them. At most, however, these harms would push one factor in this multi-factor balancing test to neutral. Judge Russo found that several other factors favor the appointment of a receiver, and does not appear to have erred in balancing those factors. At its core, this case is about a company structured as a two-member LLC whose two members are deadlocked. Absent a receivership, it is not clear how the company can function. As the F&R notes, the receiver will be bound to protect the Creditors' financial interests. F&R, ECF 40 at 8.

Separately, Creditors object that any receiver would ultimately be funded out of American AgCredit's collateral. Creditors' Objections, ECF 42 at 11–13. It is true that a receiver's fees typically "are a charge upon the property administered." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 311 (5th Cir. 2012) (quoting *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994)). A receiver should be reasonably compensated, with the caveat that the appointing court "has full power to fix the compensation of [the] receiver." *Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934); *see also Gaskill*, 27 F.3d at 253. But this is a feature of every receivership; the hope is that the receiver will, by taking over the business and allowing it to function, preserve property that would otherwise be wasted or lost. Should Creditors discover some sort of improper financial practice, they may raise those issues with the Court at the appropriate time.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Defendants and the creditors objected. Judge Russo's F&R, ECF 40, is adopted in full. This Court GRANTS the Motion to Appoint a Receiver, ECF 20. The pending motions related to the BMO Harris account, ECF 46, 48, are DENIED as moot. The parties are ordered to confer with

the receiver and jointly propose, by April 21, 2025, a draft order appointing the receiver and specifically defining the powers and authorities of the receiver.

**IT IS SO ORDERED**.

DATED this 17th day of April, 2025.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge